**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 10-5067**

_____

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

      v.

AVERY TERRELL HAIGLER, a/k/a Joshua Damien Riley, a/k/a A-
Town, a/k/a A,

             Defendant - Appellant.

_____

Appeal from the United States District Court for the District of
South Carolina, at Orangeburg.  Margaret B. Seymour, District
Judge.  (5:08-cr-00589-MBS-1)

_____

Submitted: April 28, 2011          Decided:  May 2, 2011

_____

Before DAVIS, KEENAN, and WYNN, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Jerry Leo Finney, THE FINNEY LAW FIRM, INC., Columbia, South
Carolina, for Appellant.  John David Rowell, Assistant United
States Attorney, Columbia, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Avery Terrell Haigler, a/k/a Joshua Damien Riley, a/k/a A-town, a/k/a A, pled guilty pursuant to a written plea agreement to two counts in his third superseding indictment: Count 1, conspiracy to possess with intent to distribute five kilograms or more of cocaine and fifty grams or more of cocaine base ("crack"), in violation of 21 U.S.C. § 846 (2006), and Count 4, conspiracy to launder drug proceeds, in violation of 18 U.S.C.A. § 1956(a)(1)(A)(i), (B)(i), and (B)(ii) (West 2000 & Supp. 2010). He was sentenced to 240 months of imprisonment on each count to run concurrently.

On appeal, counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting there are no meritorious grounds for appeal, but raising the following issues: (1) whether the district court conducted Haigler's guilty plea in compliance with Fed. R. Crim. P. 11; and (2) whether Haigler's sentence was procedurally and substantively reasonable. For the reasons that follow, we affirm.

First, because Haigler did not move in the district court to withdraw his guilty plea, any error in his Fed. R. Crim. P. 11 hearing is reviewed for plain error, United States v. Martinez, 277 F.3d 517, 527 (4th Cir. 2002), and we find none on appeal. Second, we review a sentence for reasonableness, applying an abuse of discretion standard. Gall v. United

2

States, 552 U.S. 38, 51 (2007); see also United States v. Llamas, 599 F.3d 381, 387 (4th Cir. 2010).  This review requires appellate consideration of both the procedural and substantive reasonableness of a sentence.  Gall, 552 U.S. at 51.  We find no procedural or substantive error.  Indeed, Haigler was facing a mandatory-minimum sentence of life for Count 1 and was the beneficiary of the Government's motion for a downward departure under U.S. Sentencing Guidelines Manual § 5K1.1 (2009).

In accordance with Anders, we have reviewed the record in this case, including the issues raised in Haigler's pro se supplemental brief, and have found no meritorious issues for appeal.  We therefore affirm Haigler's convictions and sentence. This court requires that counsel inform Haigler, in writing, of the right to petition the Supreme Court of the United States for further review.  If Haigler requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Haigler.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3